IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CARLOS RODRIGUEZ, | § § | |
| v. | § § | EP-17-CV-341-DCG |
| LORI DAVIS, Director, Correctional Institutions Division, Texas Department of Criminal Justice. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Carlos Rodriguez, state prisoner number 1141875, challenges Respondent Lori Davis's custody over him based on his state-court conviction for aggravated assault on a public servant.[1] Rodriguez brings this challenge through a petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons discussed below, the Court will dismiss Rodriguez's petition without prejudice. In addition, the Court will deny Rodriguez a certificate of appealability.

The Court notes that Rodriguez filed a prior § 2254 petition attacking the same conviction on January 23, 2006. The Court dismissed the prior petition with prejudice on September 26, 2008, in *Rodriguez v. Quarterman*, No. EP-06-CV-35-FM, 2008 WL 4426136 (W.D. Tex. Sept. 26, 2008).

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA")[2] in part to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims."[3] It requires

---

[1] *State v. Rodriguez*, No. 20010D05247 (384th Dist. Ct., El Paso County, Tex. Oct. 31, 2002), aff'd by No. 08-02-00481-CR, 2004 WL 1903544 (Tex. App.–El Paso Aug 26, 2004, no pet.).

[2] Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996).

[3] *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999).

-1-

dismissal of a second or successive petition filed by a state prisoner under § 2254 unless "the claim relies on a new rule of constitutional law . . . or . . . the factual predicate . . . could not have been discovered previously through the exercise of due diligence."[4] More importantly, it bars a district court from considering a second or successive petition unless the petitioner first moves "in the appropriate court of appeals for an order authorizing the district court to consider the application."[5]

"Although Congress did not define the phrase 'second or successive,' . . . the phrase does not simply 'refe[r] to all section 2254 applications filed second or successively in time.'"[6] The Supreme Court has created exceptions for successive applications when the petitioner raises a claim (1) that would have been unripe had it been presented in his first application,[7] (2) that was premised on a newly ripened claim that was dismissed from his first application as premature,[8] or

---

[4] 28 U.S.C. § 2244(b)(2) (2012).

[5] *Id.* § 2244(b)(3)(A); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (explaining that 28 U.S.C. § 2244(b)(3)(A) acts as a jurisdictional bar to a district court asserting jurisdiction over any successive habeas petition until a court of appeals grants the petitioner permission to file one); *Hooker v. Sivley*, 187 F.3d 680, 681–82 (5th Cir. 1999) ("[T]he district court lacked jurisdiction to construe Hooker's petition as a § 2255 motion because he had not received prior authorization from us to file a successive § 2255 motion.").

[6] *Magwood v. Patterson*, 561 U.S. 320, 332 (2010).

[7] *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar. There are, however, exceptions. We are hesitant to construe a statute, implemented to further the principles of comity, finality, and federalism, in a manner that would require unripe (and, often, factually unsupported) claims to be raised as a mere formality, to the benefit of no party.").

[8] *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–44 (1998) ("There was only one application for habeas relief, and the District Court ruled (or should have ruled) on each claim at the time it became ripe. Respondent was entitled to an adjudication of all of the claims presented in his earlier, undoubtedly reviewable, application for federal habeas relief. The Court of Appeals was therefore correct in holding that respondent was not required to get authorization to file a

(3) that was dismissed by the district court for lack of exhaustion.[9] An application is clearly second or successive, however, when it (1) raises a claim "that was or could have been raised in an earlier petition," or (2) "otherwise constitutes an abuse of the writ."[10]

Rodriguez clearly could have raised his claims in the instant petition in his prior petition. The Court denied Rodriguez's prior petition on the merits and not because he failed to exhaust his state remedies. The Court concludes, therefore, that Rodriguez's instant pleading is a successive § 2254 application within the meaning of the AEDPA. Moreover, because Rodriguez has not shown the requisite authorization from the Fifth Circuit Court of Appeals, the Court also concludes it lacks jurisdiction to hear his claims.[11] The Court must accordingly dismiss Rodriguez's petition without prejudice to his re-filing, should he obtain proper approval from the Fifth Circuit.

The AEDPA also requires a certificate of appealability before an appeal may proceed in this matter.[12] "This is a jurisdictional prerequisite because the statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court

---

'second or successive' application before his . . . claim could be heard.").

[9] *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("[A] habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition as that term is understood in the habeas corpus context.").

[10] *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). *See also Graham v. Johnson*, 168 F.3d 762, 774 n.7 (5th Cir. 1999) ("Under current law, however, it is clear that an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised.").

[11] *Key*, 205 F.3d at 774; *Hooker*, 187 F.3d at 681-82.

[12] 28 U.S.C. § 2253 (2012); *see Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that appeals of causes initiated under either 28 U.S.C. §§ 2254 or 2255 require a certificate of appealability).

of appeals.'"[13] A judge will not issue a certificate of appealability unless the petitioner makes "a substantial showing of the denial of a constitutional right."[14] This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[15] The Court concludes in this case that reasonable jurists would not find the Court's procedural rulings debatable. Therefore, the Court will not issue a certificate of appealability from its decision.

For the reasons addressed above, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Carlos Rodriguez's petition for a writ of habeas corpus under 28 U.S.C. § 2254. is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner Carlos Rodriguez is **DENIED** a **CERTIFICATE OF APPEALABILITY.**

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

SIGNED this 16th day of January, 2018.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

[13] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

[14] 28 U.S.C. § 2253(c)(2).

[15] *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotations and citations omitted).